# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

TABARI WILKERSON                            NO.: 15-00002-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 294)** and the **Amended Motion to Vacate (Doc. 295)** filed by Petitioner Tabari Wilkerson. Petitioner claims that his attorney was ineffective. The United States filed an opposition. (Doc. 312), and Petitioner filed a reply. (Doc. 313). For the following reasons, the **Motion to Vacate (Doc. 294) is DENIED AS MOOT**, and the **Amended Motion to Vacate (Doc. 295)** is **GRANTED IN PART and DENIED IN PART**.

## I.      BACKGROUND

On January 14, 2015, Petitioner was indicted for conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and three counts of unlawful use of a communications facility in violation of 21 U.S.C. § 846 and 841(a)(1). (Doc. 1 at p. 3, 11-12). At the July 1, 2015, re-arraignment hearing, Petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute crack cocaine and two counts of

FPD

distribution of cocaine. (Doc. 137, 140). On November 13, 2015, the court sentenced Petitioner to 112 months imprisonment and three years of supervised release. (Doc. 246).

Petitioner filed a Motion to Vacate, Set Aside, Or Correct His Sentence under 28 U.S.C. § 2255 on November 30, 2016. (Doc. 294). On January 3, 2017, Petitioner filed an Amended Motion to Vacate. (Doc. 295). Petitioner claims that his attorney was ineffective by failing to: (1) properly communicate with him; (2) conduct an adequate and independent pretrial investigation; (3) attempt to negotiate a more favorable plea agreement; (4) review, discuss, and explain the presentence investigation report; (5) submit mitigation evidence or argue for mitigation at sentencing; (5) object to his sentence as being substantively unreasonable; and (6) file a notice of appeal as Petitioner requested him to do so. (Doc. 295 at p. 2).

## II.    LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

Once a petitioner files a § 2255 motion, the district court is required by statute to hold a hearing "[u]nless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief." § 2255(b). Applying this statutory command, demands a two-step inquiry. First, the court must determine whether the record "conclusively negate[s] the factual predicates asserted in support of the motion for post-conviction relief" and second whether "the petitioner [would] be entitled to post-conviction relief as a legal matter if those factual allegations which are not conclusively refuted" are true. *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).

## III. DISCUSSION

### A. Post-Conviction Relief Waiver

The Government argues that Petitioner is barred from seeking post-conviction relief because his plea agreement contains a waiver of post-conviction relief. (Doc. 312 at p. 3-4). Petitioner's plea agreement indeed contains a wide-ranging waiver of appeal and collateral remedies provision. (Doc. 140 at p. 11). Petitioner, among other things, waived the right to collaterally attack his conviction and sentence under § 2255. *Id.* The waiver provision, however, also provides that "[n]otwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel." *Id.* Here, Petitioner's collateral attack on his conviction is based entirely on claims of ineffective assistance of counsel. Petitioner's post-conviction appeal waiver thus does not bar the pending § 2255 motion.

### B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must establish: (1) that counsel's performance was deficient; and (2) that the deficient

3

conduct prejudiced him. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and courts must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.*

## 1.    Failure to Communicate

Petitioner claims that his attorney failed to regularly communicate with him and failed to return or acknowledge his calls when Petitioner requested information. (Doc. 292 at p. 16). Petitioner also contends that his attorney advised him that "he had to plead guilty" so that his charges would not be enhanced to a career offender, and that his attorney "never made trial an option for him." *Id.* Construing Petitioner's claim liberally, as the Court must, it appears that Petitioner is claiming that his plea was not voluntary because he did not receive adequate information from his attorney and his attorney pressured him to plea. A plea may "be invalid if it was tainted by ineffective assistance of counsel in such a way that the plea cannot be considered truly voluntary." *United States v. Gunselman*, 643 F. App'x 348, 353 (5th Cir. 2016). But where "a defendant's allegations contradict his sworn testimony given at a plea hearing" the Petitioner must do more than contradict his sworn statements.

4

*United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013). The Fifth Circuit typically requires "specific factual allegations supported by the affidavit of a reliable third person." *Id.* (quoting *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986).

At the re-arraignment hearing, Petitioner indicated that he had an opportunity to discuss the charges against him with his attorney, (Doc. 308 at p. 10:21-23), that he fully understood the indictment, *Id.* at 11:6-12, that he had sufficient time to discuss the facts of his case and explore any defenses available to him with his attorney, that he was satisfied with the advice and services of his attorney. *Id.* at 26:6-13, and that he was pleading guilty voluntarily and of his own free will. *Id.* 38:15-9. Given the great weight afforded to sworn testimony at plea hearings, and that Petitioner lacks any specific factual allegations supported by any third party affidavits that contradict his sworn testimony, Petitioner has not made a sufficient showing to obtain even an evidentiary hearing on this claim. Therefore his failure to communicate claim is dismissed.

### 2.    *Failure to Investigate*

Petitioner alleges that his attorney failed to conduct an adequate and independent pretrial investigation. (Doc. 295 at p. 14). To prevail on a failure-to-investigate claim, the petitioner "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Thread v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013). Petitioner makes a generalized claim that his attorney failed to investigate. (Doc. 295 at p. 14). He does not identify any specific areas that his attorney should have investigated. Petitioner's attorney also

informed the Court, at the re-arraignment hearing, that he had an opportunity to investigate the facts of Petitioner's case. (Doc. 308 at p. 33:1-3). Petitioner also confirmed under oath that he had sufficient time to discuss the facts of his case and explore any defenses with his attorney. *Id.* at 26: 6-9). Therefore, his failure to investigate claim does not warrant an evidentiary hearing and it is dismissed.

### 3. *Failure to Negotiate a Favorable Plea*

Petitioner claims that his attorney failed to negotiate a favorable plea. (Doc. 295 at p. 20-21). To prevail in an ineffective assistance of counsel claim at the plea stage, "the question is not whether [the defendant] would have received a *better deal* with effective representation, but whether he would have rejected the deal offered and gone to trial." *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986). With respect to this claim, Petitioner does not suggest that another plea was available, or that he would have rejected the plea and gone to trial. (Doc. 295 at p. 20-21). To the contrary, Petitioner claims that his attorney should have encouraged him to plead to the Indictment because by pleading guilty he waived, among other things, the right to appeal his sentence. *Id.* Therefore, his claim that his attorney failed to negotiate a favorable plea is dismissed and an evidentiary hearing is unnecessary.

### 4. *Review, Discuss and Explain the Presentence Investigation Report*

Petitioner claims that his attorney did not review, discuss, or explain the presentence investigation report to him. (Doc. 295 at p. 23). Where "a defendant's allegations contradict his sworn testimony given at a plea hearing" the Petitioner must do more than contradict his sworn statements. *United States v. Reed*, 719

F.3d 369, 374 (5th Cir. 2013). The Fifth Circuit typically requires "specific factual allegations supported by the affidavit of a reliable third person." *Id.* (quoting *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986). Here, Petitioner stated, under oath, that he received a copy of the presentence investigation report, that he read the report, that his attorney read it to him, and that he had an opportunity to discuss the contents of the report with his attorney. (Doc. 274 at 2:23-24:10). Therefore, Petitioner is not entitled to an evidentiary hearing on his claim that his attorney failed to review the presentence investigation report, and this claim is dismissed.

### 5. *Failure to Mitigate Petitioner's Sentence*

Petitioner contends that his counsel failed to argue for mitigation at sentencing by failing to argue for a downward departure and failing to object to his sentence being substantively unreasonable. (Doc. 24 at p. 23-24). The problem, though, is that Petitioner's counsel did, in fact, argue for a downward departure. (Doc. 225). In his sentencing memorandum, counsel insisted that the Court "should vary from the range recommended by the career offender guideline" because Petitioner's career offender status is based on cases that are between 8 and 18 years old. *Id.* at p. 2. And, as requested, the Court varied from the Guidelines, sentencing Petitioner to 113 months, when the Guidelines called for a sentence of 151-188 months. (Doc. 274 at p. 4). Therefore, Petitioner's utterly baseless claim that his attorney failed to mitigate his sentence is dismissed.

### 6. Failure to File a Notice of Appeal

Petitioner claims that he instructed his attorney to file a notice of appeal, but his lawyer failed to do so. (Doc. 295 at p. 2). Indeed, the failure to file a requested notice of appeal constitutes ineffective assistance of counsel even without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). A claim of ineffective assistance of counsel also survives even an otherwise valid waiver of appeal where the claim asserted by the defendant is that the conduct of his attorney has denied him the right to file an appeal. See *United States v. Tapp, 491 F.3d 263*, 265 (5th Cir. 2007).

Recognizing this, the Government concedes that the Court should hold an evidentiary hearing on Petitioner's claim that his counsel failed to file a notice of appeal after Petitioner requested him to do so. (Doc. 312 at p. 9). The Court must also appoint counsel for Petitioner because an evidentiary hearing is necessary. *United States v. Vasquez*, 7 F.3d. 81 (5th Cir. 1993) (holding the appointment of counsel is mandatory, if an evidentiary hearing is needed in a habeas corpus action). Therefore, the Court will set an evidentiary hearing on the limited issue of whether Petitioner instructed his attorney to file a notice of appeal, and appoint Counsel for this hearing.[1]

---

[1] Even if Petitioner prevails and the Court permits Petitioner to file a notice of appeal, it appears this exercise may be fruitless. Petitioner's plea agreement only permits him to appeal a sentence above the statutory maximum, any sentence which is an upward departure, or any non-Guideline sentence or variance which is above the Guidelines. (Doc. 140 at p. 11). Petitioner's sentence was below the statutory maximum, and below the Guidelines range. Nonetheless, it is Petitioner's right to have an evidentiary hearing.

FPD

## IV.    CONCLUSION

Accordingly,

**IT IS FURTHER ORDERED** that the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 294)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the **Amended Motion to Vacate (Doc. 295)** is **GRANTED IN PART and DENIED IN PART**.   The Motion is **DENIED** in all respects, except that the Court orders an evidentiary hearing on the issue of whether Petitioner instructed his counsel to file a notice of appeal.

**IT IS FURTHER ORDERED** that this case be referred to the Office of the Federal Public Defender for the purpose of either accepting an appointment to represent the Petitioner in connection with this issue or recommending counsel for such appointment from the CJA panel.   The Defendant is placed on notice that he may be required to contribute to the cost of this representation depending on circumstances to be determined at a later date.

**IT IS FURTHER ORDERED** that the Court will set an evidentiary hearing when Petitioner's appointed counsel enters a notice of appearance.

Baton Rouge, Louisiana, this _13th_ day of November, 2017.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**